UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SOHAIL ARSHAD CHAUDHRY,<br><br>Plaintiff,<br><br>v.<br><br>HUMA SOHAIL CHAUDHRY and DOES 1-5,<br><br>Defendants. | Case No. 2:25-cv-00503-CDS-EJY<br><br>**ORDER** |

This matter is before the Court on Plaintiff's Motion to Extend Time to Serve Summons and Complaint. ECF No. 7. The Court has reviewed the Motion and finds as follows.

Plaintiff initiated this matter by filing his Complaint on March 17, 2025, with a deadline for service set for June 15, 2025. ECF No. 1. Plaintiff requests an additional one hundred and twenty (120) days to effectuate service on Defendant. ECF No. 7 at 3. Plaintiff justifies the requested extension by averring that he has recently had to travel out of the country multiple times to handle certain matters with his business as well as to help facilitate medical care for his mother in Dubai.[1] *Id.* at 2. Plaintiff also argues that he will be significantly prejudiced by denial of this Motion, as the statute of limitations for the cause of action on which his claims are based, 18 U.S.C. § 2520(e), will have run if the instant action is dismissed.

Under Rule 4(m) of the Federal Rules of Civil Procedure, the Court has the discretion to grant an extension of time for service upon a showing of good cause for the failure to timely serve a defendant. Fed. R. Civ. P. 4(m). Given the significant prejudice Plaintiff will suffer if the requested extension is not granted, the Court finds that Plaintiff has established sufficient good cause to warrant an extension of time. However, Plaintiff has not established good cause justifying an extension of 120 days. While Plaintiff provides explanations for his failure to effect service up to the date of his

---

[1] Plaintiff also avers that he received an incomplete copy of his Complaint from the Clerk's office, though he requests no relief related to this printing error. ECF No. 7 at 2-3. Because Plaintiff presumedly has access to a complete copy of his own Complaint, this does not satisfy the good cause standard of LR IA 6-1. Nor is Plaintiff entitled to free copies of court documents. *See Allen v. Clark County Detention Center*, Case No. 10-857, 2011 WL 886343, at \*2 (D. Nev. March 11, 2011).

1

1  Motion, he avers no facts indicating ongoing challenges that would necessitate such a long extension. Therefore, the Court grants Plaintiff's Motion and will allow him an additional sixty (60) days to serve his Complaint and Summons, but no further extensions will be provided unless and until Plaintiff demonstrates substantial efforts to effect service upon Defendant.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Extend Time (ECF No. 7) is GRANTED.  Plaintiff shall have until **August 14, 2025** to effectuate service on all Defendants.

Dated this 9th day of June, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

2